Richard A. FRASIER, Plaintiff–Appellee,

v.

ADAMS–SANDLER, INCORPORATED,
Defendant–Appellee,

and

Ameriprint, Incorporated; David
B. Morey; James Horwitz,
Defendants.

No. 95–1806.

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1996.

Decided Aug. 23, 1996.

**ARGUED:** John M. DiJoseph, Sattler &
DiJoseph, Arlington, Virginia, for Appellant.
Henry St. John Fitzgerald, Arlington, Virginia, for Appellee. **ON BRIEF:** Richard
Matto, Arlington, Virginia, for Appellee.

Before ERVIN and WILKINS, Circuit
Judges, and NORTON, United States
District Judge for the District of South
Carolina, sitting by designation.

Affirmed by published opinion. Judge
NORTON wrote the opinion, in which Judge
ERVIN and Judge WILKINS joined.

OPINION

NORTON, District Judge:

This case presents the question of whether
a party can be held liable for copyright infringement without ever using, copying, or
otherwise exploiting the copyrighted material. For the reasons set forth below, the
court finds that mere withholding of copyrighted material, under the facts of this case,
does not constitute copyright infringement.

I.

In 1989, Ameriprint Inc. commissioned
Appellant Frasier to create a series of photographs for a brochure advertising Ameriprint's services. After creating the photographic slides, Frasier copyrighted them and
delivered them to Appellee Adams–Sandler,
who was to design the brochure. For unknown reasons, the project was never completed and was abandoned some time in
1992.

In November 1991, Frasier began asking
Ameriprint and Adams–Sandler for the return of his slides. After experiencing some
difficulty locating the slides, Adams–Sandler
delivered them to Ameriprint on June 18,
1992. Ameriprint has since returned the
slides to Frasier. It is undisputed that
Adams–Sandler never sold, leased, exhibited,
printed, or otherwise used Frasier's slides,
nor did Adams–Sandler ever receive any income or other value from use of the slides.

Frasier brought this action against
Adams–Sandler, claiming that the refusal to
return possession of his copyrighted material
violated Frasier's exclusive rights under 17
U.S.C. § 106. The case went to trial on
March 7, 1995, and Defendant Adams–Sandler moved for judgment as a matter of law
at the close of Plaintiff's evidence. The district court granted Adams–Sandler's motion

on the basis that (1) the court lacked subject matter jurisdiction over the case, and (2) Defendant was entitled to judgment pursuant to Fed.R.Civ.P. 52(c). This court affirms the judgment on the basis of the district court's second line of reasoning.

## II.

Frasier asserts that Adams–Sandler infringed his copyright when he failed to return the copyrighted material upon request. Federal law provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118 ... is an infringer of the copyright...." 17 U.S.C. § 501(a) (1996). Section 106 grants the owner of a copyright "the exclusive rights to do and to authorize" any of five different activities, including reproducing the work, preparing derivative works based on the work, distributing copies of the work, performing the work publicly, and displaying the work publicly. 17 U.S.C. § 106 (1996). Thus, the plain language of the copyright law requires that an infringer do or authorize reproduction, printing, or other use of the copyrighted material.

In this case, Frasier does not claim that Adams–Sandler in any way used or copied his photographs. Rather, Frasier claims that by withholding the images from him, Adams–Sandler prevented Frasier from exercising his own exclusive rights pursuant to the copyright law. Frasier can point to no authority for this strained interpretation of the copyright laws.

In *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984), the Supreme Court stated,

[Copyright] protection has never accorded the copyright owner complete control over all possible uses of his work. Rather, the Copyright Act grants the copyright holder "exclusive" rights to use and to authorize the use of his work in five qualified ways, including reproduction of the copyrighted work in copies. § 106....

"Anyone who violates any of the exclusive rights of the copyright owner," *that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work in one of the five ways set forth in the statute,* "is an infringer of the copyright." § 501(a)....

*Sony*, 464 U.S. at 432–33, 104 S.Ct. at 784 (emphasis added). Because Frasier does not allege that Adams–Sandler used or authorized the use of his copyrighted photographs, Adams–Sandler cannot be held liable as an infringer.*

## III.

The judgment of the district court is affirmed.

*AFFIRMED.*

---

* This court does not agree with the finding below that the district court lacked subject matter jurisdiction. That court's reasoning was not made part of the record, but presumably the court found that Frasier's failure to allege actions constituting infringement deprived the court of federal question jurisdiction. We think that while Frasier failed as a matter of law to show that Adams–Sandler infringed his copyright, the complaint nonetheless was sufficient to allege an action arising under the copyright laws of the United States. *See* 28 U.S.C. § 1338 (1993).